IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL EUGENE CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:12-CV-608-WKW |
| ) | [WO] |
| CORRECTIONAL MEDICAL ) | |
| SERVICES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Before the court is Plaintiff Michael Eugene Carter's motion for temporary restraining order contained in his complaint (Doc. # 1) and his affidavit in support thereof. (Doc. # 14.) Defendants have filed a response to the motion. (Doc. # 15.) For the reasons discussed below, the motion is due to be denied.

Plaintiff is an inmate at Staton Correctional Facility in Elmore, Alabama. (Compl. 2.) Plaintiff alleges that Defendants have violated his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to due process. (Compl. 2, 5.) Plaintiff alleges that he has "extremely high blood pressure that is barely controlled with medications, regular exercise, and careful dieting." (Compl. 3.) He further alleges that Defendants refuse to renew his blood

pressure medications and he fears that this could cause serious health complications or even death.  (Compl. 2, 9.)

Plaintiff's complaint originally sought a temporary restraining order requiring Defendants to stop withholding his blood pressure medications and to administer these medications to him.[1]  (Compl. 5.)  In Plaintiff's later-filed affidavit, Plaintiff admits that Defendants have given him blood pressure medications, but complains that these are new medications and are not as effective in controlling his blood pressure. (Pl.'s Aff. 2–3.)  He requests that the court order Defendants to administer medications for Plaintiff's severe high-blood pressure "as prescribed prior to the filing of this [c]ivil [a]ction" until a second opinion can be obtained.  (Pl.'s Aff. 4.)      A temporary restraining order requires the same four elements as a preliminary injunction, and the movant bears the burden of demonstrating that they are present.  *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001).  These four elements are "(1) a substantial likelihood of success on the merits, (2) a threat of irreparable injury, (3) that [the movant's] own injury would outweigh the injury to the

---

[1] Under Rule 65 of the Federal Rules of Civil Procedure, a temporary restraining order may be issued without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the [movant] certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Plaintiff's motion as originally filed did not satisfy the requirements of Rule 65. Accordingly, Defendants were given notice of and time to respond to Plaintiff's motion.

nonmovant, and (4) that the injunction would not disserve the public interest." *Tefel v. Reno*, 180 F.3d 1286, 1295 (11th Cir. 1999); *see also Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004).  As explained in detail in Sections A–C of Defendants' response brief, Plaintiff has not met his burden to establish these elements because he has failed to show a substantial likelihood of success on the merits.  (*See* Doc. # 15, at 15–25.)

Accordingly, it is ORDERED that the motion for temporary restraining order (Doc. # 1) is DENIED.

It is further ORDERED that this case is REFERRED, pursuant to 28 U.S.C. § 636(b), to the Magistrate Judge for all pretrial proceedings and entry of any orders or recommendations as may be appropriate.

DONE this 3rd day of August, 2012.

           /s/ W. Keith Watkins
           CHIEF UNITED STATES DISTRICT JUDGE