IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL EUGENE CARTER, <br> AIS #155338, <br><br> Plaintiff, <br><br> v. <br><br><br> CORRECTIONAL MEDICAL SERVICES, INC., <br> et al., <br><br> Defendants. | <br><br><br><br><br><br> CIVIL ACTION NO. 2:12-CV-608-SRW |

**MEMORANDUM OPINION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Michael Eugene Carter ["Carter"], a state inmate, in which he challenges the medical treatment provided to him for his hypertension. The defendants filed answers and special reports, supported by relevant evidentiary materials, in which they address the plaintiff's claims for relief. On October 16, 2012, Carter filed a motion to dismiss this case in which he seeks dismissal of this case without prejudice. *Doc. No. 34*.

Upon consideration of the plaintiff's motion to dismiss, the court concludes that this motion is due to be granted and this case dismissed without prejudice.

Dismissal without prejudice at the insistence of the plaintiff pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure is committed to the sound discretion of this court and, absent some plain legal prejudice to the defendants, denial of the dismissal

constitutes an abuse of this court's discretion. *McCants v. Ford Motor Company, Inc.*, 781 F.2d 855 (11th Cir. 1986). Simple litigation costs, inconvenience to the defendants, and/or the prospect of a second or subsequent lawsuit do not constitute clear legal prejudice. *Id. See also Durham v. Florida East Coast Railway Company*, 385 F.2d 366 (5th Cir. 1967). After thorough review of the pleadings filed by the parties, the court concludes that this case is due to be dismissed without prejudice on the motion of the plaintiff.[1]

A separate order will accompany this memorandum opinion.

DONE, this 25th day of October, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] The plaintiff is advised that if he seeks to "revive" this cause of action at some time in the future he may do so by filing a separate cause of action with this court. At that time, the court will determine whether the action is filed within the time allowed by the requisite statute of limitation and will consider whether application of the other stipulations referenced in his motion to dismiss is appropriate.